IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TREMAINE JOHNSON, # R15625,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-00615-JPG |
| | ) |
| **IDOC,** | ) |
| **CHAD E. HASEMEYER,** | ) |
| **TIMOTHY R. VEATH,** | ) |
| **JASON N. HART, and** | ) |
| **MICHAEL P. ATCHISON,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tremaine Johnson, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff challenges the evidentiary basis for issuance of a disciplinary report that subsequently formed the basis for his unjustified conviction and punishment, leading to Johnson being placed in segregation for six months, being demoted to C grade and losing other privileges. Fourteenth Amendment due process, Eighth Amendment cruel and unusual punishment, and negligence claims are asserted. Plaintiff prays for compensatory and punitive damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### 1.  The Complaint

In his complaint (Doc. 1), Plaintiff alleges that on June 4, 2012, Defendant Intelligence Officer Chad E. Hasemeyer issued Plaintiff a disciplinary report based on information supplied by unreliable informants. According to the informants, Plaintiff was instigating a disturbance

involving rival gangs that was supposed to occur on June 3, 2012.[1]  Hasemeyer also allegedly fabricated his investigatory report.  Based on the unsubstantiated investigatory and disciplinary reports, Defendants C/O Jason N. Hart and Lieutenant Timothy R. Veath, sitting on the prison Adjustment Committee, found Plaintiff guilty of conspiring to have a dangerous disturbance/ altercation (*see* Doc. 1, p. 17).  As punishment, Plaintiff was sent to segregation for six months, demoted to C grade and denied privileges (*see* Doc. 1, p. 17).

Plaintiff asserts that Defendant Hasemeyer violated his Fourteenth Amendment right to due process and caused him to be subjected to unjustified, and therefore cruel and unusual, punishment in violation of the Eighth Amendment.  Plaintiff characterizes Defendants Hart and Veath as having been negligent in their duties, having deprived him of due process, and having imposed cruel and unusual punishment.

Although the IDOC (Illinois Department of Corrections) and Warden Michael P. Atchison are listed as defendants in the caption of the complaint, they are not mentioned in the narrative of the claims.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into three counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **Intelligence Officer Chad E. Hasemeyer issued Plaintiff a false disciplinary report, premised upon unreliable evidence and an improper investigation, resulting in a disciplinary conviction and punishment in violation of the Fourteenth Amendment right to due process, and constituting cruel and unusual punishment in violation of the Eighth Amendment; and**

---

[1] Plaintiff makes much of the fact that the supposedly planned disturbance did not occur, yet he was still issued a disciplinary report the day after the disturbance was to have occurred.

>  Count 2:       C/O Jason N. Hart and Lieutenant Timothy R. Veath, sitting on the prison Adjustment Committee, deprived Plaintiff of his Fourteenth Amendment right to due process, and imposed cruel and unusual punishment in violation of the Eighth Amendment, when they failed to investigate and found Plaintiff guilty of an unsubstantiated charge; and
>
>  Count 3:       C/O Jason N. Hart and Lieutenant Timothy R. Veath, sitting on the prison Adjustment Committee, were negligent in their duties when they deprived Plaintiff of due process, and imposed cruel and unusual punishment as alleged in Count 2.

### 2. Discussion

**IDOC**

As a preliminary matter, the IDOC must be dismissed. Merely including a defendant's name in the caption of the complaint is insufficient to state a claim. *See Ownes v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011) (citing *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)). Furthermore, a state agency, such as the IDOC, is not a person and therefore cannot be sued under Section 1983, and is otherwise entitled to immunity from suit pursuant to the Eleventh Amendment. *See Will v. Dep't of State Police,* 491 U.S. 58, 70–71 (1989); *Thomas v. Illinois,* 697 F.3d 612, 613–14 (7th Cir. 2012). Dismissal shall be with prejudice.

**Warden Atchison**

Warden Michael P. Atchison also must be dismissed. Again, merely including a defendant's name in the caption of the complaint is insufficient to state a claim. *See Ownes v. Hinsley,* 635 F.3d 950, 955 (7th Cir. 2011) (citing *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)). In addition, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff

has not alleged that Defendant Atchison is "personally responsible for the deprivation of a constitutional right." *Id*.

It remains to be seen whether a claim can be stated against Warden Atchison; therefore dismissal shall be without prejudice.

**Counts 1 and 2**

According to *Heck v. Humphrey*, 512 U.S. (1994), if a plaintiff's success in a civil rights suit for damages due to an undeserved and procedurally flawed criminal conviction would invalidate a conviction or sentence, the plaintiff must first have the conviction or sentence expunged. *Id*. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that the *Heck* doctrine applies to civil rights suits challenging prison disciplinary proceedings based solely on a procedural due process violation).

Plaintiff Johnson's Fourteenth Amendment due process and Eighth Amendment cruel and unusual punishment claims call into question Plaintiff's disciplinary conviction and, therefore, must be dismissed. Plaintiff is asking the Court to find that Defendant Hasemeyer's investigation and disciplinary charge were constitutionally infirm and, therefore, Defendant's Hart and Veath's findings were constitutionally flawed—necessarily meaning that Plaintiff's disciplinary conviction is invalid. There is no indication that the disciplinary conviction has been overturned; therefore, pursuant to *Heck* and *Balisok*, Counts 1 and 2 must be dismissed without prejudice.

**Count 3**

A defendant can never be held liable under Section 1983 for negligence. *Daniels v. Williams,* 474 U.S. 327, 328 (1986). However, where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related

state law claims pursuant to 28 U.S.C. § 1367(a), provided the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho–Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan,* 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).

Although there is a common nucleus of fact necessary for supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law negligence, the Court must dismiss this claim because there are no viable Section 1983 federal claims upon which to afford the Court original jurisdiction over this action.  Therefore, Plaintiff's negligence claims in Count 3 will be dismissed without prejudice.

### 3.  Pending Motions

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the $400.00 filing fee remains due and payable ($350.00 if Plaintiff is granted pauper status).  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) will be addressed by separate order.

Plaintiff's motion for service of process at government expense (Doc. 2) will be denied as moot, now that there is no viable complaint and the case is being closed.

### 4.  Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **IDOC** is **DISMISSED** with prejudice, pursuant to the Eleventh Amendment.

**IT IS FURTHER ORDERED** that Defendant Michael P. Atchison is **DISMISSED** without prejudice, as Plaintiff has failed to state a claim against him.

**IT IS FURTHER ORDERED** that **COUNTS 1 and 2** are both **DISMISSED** without prejudice, pursuant to *Heck v. Humphrey*, 512 U.S. (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997).

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** without prejudice, for lack of supplemental jurisdiction under 28 U.S.C. § 1367.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Defendants **CHAD E. HASEMEYER**, **TIMOTHY R. VEATH**, **JASON N. HART** and **MICHAEL P. ATCHISON** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 2) is **DENIED AS MOOT**.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 (or $350.00 if Plaintiff is granted pauper status) remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) will be addressed by separate order.

**IT IS SO ORDERED.**

**DATED: July 18, 2013**

> s/ J. PHIL GILBERT
> **U.S. District Judge**